Now, if the affidavit here was bad for uncertainty, advantage could have been taken even after a conviction, by a motion in arrest of judgment. Therefore, it seems to me that under the first affidavit the defendant was never in jeopardy because no conviction could be sustained upon that affidavit. It therefore necessarily follows that the mayor did not err in ruling out the record of the first case.

Let us now recur again to Section 20 of the act of February 23, 1906, defining the duties of the courts in cases like this. That statute expressly provides that no petition in error can be filed except upon application and upon good cause shown at a hearing. This statute is not merely directory, as I take it, but is mandatory to the extent that good cause must be shown before the court would be authorized to grant the leave.

I imagine that the reason for the passage of this statute is to prevent encumbering the records of the courts with cases without merit, but by far the greater and higher reason for the passage of that statute was to prevent the delays that usually follow in this class of cases whereby justice is practically defeated.

Therefore, looking over the whole record, I am unable to find that there exists good cause for the allowance of this application to file a petition in error. The application will, therefore, be denied.

---

## VALIDITY OF ASSIGNMENT OF PART OF A CLAIM.

Common Pleas Court of Licking County.

R. L. TANEYHILL v. THE BALTIMORE & OHIO RAILROAD COMPANY.*

Decided, January Term, 1907.

*Assignment—Claim Includes Only Part of Indebtedness Due Assignor—Remedy of Assignee—Law and Equity.*

1. An assignment of a claim is not rendered invalid by reason of the fact that it includes only a part of the amount due from the debtor to the assignor.

---

* Affirmed by the Circuit Court without report.

2. But the remedy of the assignee of such a claim is not in an action at law, but in an action in equity.

*R. L. Taneyhill,* in person.
*Kibler & Montgomery,* for defendant.

SEWARD, J. (orally).

This is a suit for $5 brought by R. L. Taneyhill against the Baltimore & Ohio Railroad Company, and while there is not much involved as to money value, there is a principle involved in the case, and that is the reason the parties are litigating this case, I presume.

It is the question as to whether Taneyhill can bring this action and prosecute it to judgment—an action at law against the B. & O. R. R. Co. where only a part of the claim that was owing by the B. & O. Railroad to the assignor of Taneyhill was assigned. Taneyhill procured an assignment for $5 from a creditor of the B. & O. Railroad Company who was working for the company, when there was about $29 due the assignor. He assigned to Taneyhill $5. Taneyhill sent a registered letter to the company, notifying them of this assignment. There isn't any question in the mind of the court but what the creditor of the B. & O. Railroad Company had a perfect right to make this assignment. The only question that confronts the court is whether Mr. Taneyhill has a right to pursue his remedy at law. The court does not think he has. The court is cited to the 17th Ohio State, which holds that he has a right in equity to pursue the remedy. The 58th Ohio State holds the same way. The assignment of the claim is perfect, but the assignee has no right, as the court views it, to pursue his remedy at law, but is relegated to his remedy in equity, if any there is; and there may be a judgment for the defendant.